IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,410-01




EX PARTE PAUL WAYNE HARRIS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 11-DCR-057904-HC1 IN THE 268TH DISTRICT COURT
FROM FORT BEND COUNTY




            Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted by a jury of
aggravated assault and sentenced to eighteen years’ imprisonment.
            Applicant contends that he was denied his right to appeal the conviction and sentence through
no fault of his own. See Ex parte Riley, 193 S.W.3d 900 (Tex. Crim. App. 2006); Ex parte Crow,
180 S.W.3d 135 (Tex. Crim. App. 2005). The trial court recommends granting Applicant an out-of-time appeal, and the recommendation is supported by the habeas record.
            Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of
conviction in Cause No. 11-DCR-057904 from the 268th District Court of Fort Bend County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. 
            Within ten days of the issuance of this opinion, the trial court shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall
be calculated as if the sentence had been imposed on the date on which the mandate of this Court
issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps
to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 
 
Delivered: June 11, 2014
Do not publish